UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
GERALD JOSEPH LOVOI,

                            Plaintiff(s),        24 Civ. 1896 (LGS)

-against-                      ORDER

CHESAPEAKE ENERGY CORP., et al.

                            Defendant(s),
------------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      This case has been assigned to me for all purposes. It is hereby ORDERED that a telephonic conference will be held on **April 24, 2024** at **4:10 p.m.** The parties shall call (888) 363-4749 and enter the access code 558-3333. The telephonic conference is public, and the time of the conference is approximate, but the parties shall be ready to proceed by that time. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel. The parties shall ensure they are all dialed into the conference call by the appointed conference time.

      All parties are required to register promptly as filing users on ECF. Counsel are further required to review and comply with the Court's Individual Rules and Procedures ("Individual Rules") (available at the Court's website, http://nysd.uscourts.gov/judge/Schofield).

      Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Fed. R. Civ. P. 16 conference. Additionally, in accordance with the Court's Individual Rules, the parties are hereby ORDERED to prepare a joint Proposed Civil Case Management Plan and Scheduling Order in the form available at the Court's website (http://nysd.uscourts.gov/judge/Schofield) and append it to their joint letter described below. The parties **must** propose dates for the various deadlines even if they intend to request a stay of discovery.

      IT IS FURTHER ORDERED that the parties shall file a joint letter on ECF by **April 17, 2024**, not to exceed five (5) pages, providing the following information in separate paragraphs:

(1)   A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(2)   A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject

matter jurisdiction and venue.  Statements shall include citations to relevant statutes;

(3) In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall explain the factual basis for such jurisdiction, including (i) in the case of a corporation, the principal place of business and place of incorporation, (ii) in the case of a partnership, limited liability company or trust, the citizenship of each of the entity's members, shareholders, partners and/or trustees. If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit;

(4) A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference;

(5) A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));

(6) A computation of each category of damages claimed, *see* Fed. R. Civ. P. 26(a)(1)(A)(iii);

(7) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

(8) Any other information that the parties believe may assist this Court in resolving the action.

If this case has been settled or otherwise terminated, counsel are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is sent prior to the date of the conference via email to the Orders and Judgment Clerk at the following email address: orders_and_judgments@nysd.uscourts.gov.

Any request for an extension or adjournment shall be made only by letter as provided in Individual Rule I.B.2 and must be received at least forty-eight (48) hours before the deadline or conference. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**Counsel who have noticed an appearance as of the issuance of this order are directed (i) to notify all other parties' attorneys in this action by serving upon each of them a copy of this order and the Court's Individual Rules forthwith, and (ii) to file proof of such notice with the Court**. If unaware of the identity of counsel for any of the parties, counsel receiving this order must send a copy of this order and Individual Rules to that party personally.

**DATE AND TIME OF TELEPHONIC CONFERENCE**: April 24, 2024 at **4:10 p.m.**
**IPTC MATERIALS DUE:** April 17, 2024

Dated: March 18, 2024
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**